Filed 12/20/23  P. v. Padilla CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082023 |
| v. | (Super.Ct.No. SWF025883) |
| RUBEN ANGEL PADILLA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bernard Schwartz, Judge.  Dismissed.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Ruben Angel Padilla appeals from a postjudgment order rejecting the California Department of Corrections and Rehabilitation's recommendation that he be resentenced under Penal Code[1] section 1172.1 (formerly §§ 1170, subdivision (d)(1), 1170.03).[2]  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 and asked us to review the record independently under *Wende*.  However, *Wende* does not apply to an appeal from the denial of postconviction relief.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*).)  Thus, we have no obligation to conduct an independent review of the record.

On October 27, 2023, we notified defendant that:  (1) counsel filed a brief indicating no arguable issues had been identified; (2) as a case arising from an order denying postconviction relief, this court was not required to conduct an independent review of the record, but we could do so in our discretion; and (3) in accordance with the procedures set forth in *Delgadillo*, *supra*, 14 Cal.5th 216, he had 30 days in which to file a supplemental brief raising any argument he wanted this court to consider.  We also

---

[1]  All further statutory references will be to the Penal Code, unless otherwise indicated.

[2]  As a result of Assembly Bill No. 1540 (2021-2022 Reg. Sess.; Stats. 2021, ch. 719; § 3.1), effective January 1, 2022, former section 1170, subdivision (d)(1), was substantively amended and redesignated as section 1170.03 (see, e.g., *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038).  Effective June 30, 2022, section 1170.03 was renumbered section 1172.1 without additional substantive change.  (Stats. 2022, ch. 58, § 9.)  We cite to section 1172.1 for ease of reference.

notified defendant that if we did not receive a brief within that 30-day period, we may dismiss the appeal as abandoned.  More than 30 days have elapsed, and we have received no communication from defendant.

We consider defendant's appeal abandoned and order the appeal dismissed. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
Acting P.J.

We concur:


RAPHAEL_____
J.


MENETREZ_____
J.